FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUL 1 8 2011

Stephan Harris, Clerk
Casper

# United States District Court
## For The District of Wyoming

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| vs. ) | Case No. 10-MJ-53-D |
| ) | |
| DALE KELLOGG, a/k/a "John Doe", ) | |
| ) | |
| Defendant-Appellant. ) | |

### ORDER AFFIRMING SENTENCE AND CONVICTION
### AND DISMISSING APPEAL

THIS MATTER comes before the Court on Defendant Dale Kellogg's Notice of Appeal [Doc. 3] and his *pro se* response and motions for continuance or stay of proceedings and for appointment of counsel [Docs. 22, 23 and 25]. The Court, having reviewed the Defendant's submissions, having conducted a thorough review of the record of proceedings below, and considering itself otherwise fully advised, hereby FINDS and ORDERS as follows:

1. The events of this case took place in the Bridger-Teton National Forest during a gathering of a group known as the "Rainbow people" during the Summer of 2008. Kellogg was charged by citation with on July 2, 2008 with: 1) Interfering With a Federal Officer While Engaged in Duties (Violation No. F3690801); 2) No Driver's License in Possession (Violation No. F3690803); and 3) Resisting Arrest by Federal Officer

(Violation No. F3690804).[1]

2. Kellogg filled out a Financial Affidavit regarding his eligibility for appointment

of counsel, and Magistrate McKee granted Kellogg's motion on July 7, 2008.

Magistrate McKee directed that attorney Ron M. Kopriva be appointed as Kellogg's

counsel within five days of the date of the Order.

3. Over the course of the next year, Mr. Kopriva represented Kellogg on the

charges at issue. On August 28, 2009, Mr. Kopriva filed a Motion for Leave to

Withdraw. In his motion, counsel stated that he was moving to withdraw on the

grounds that:

> defendant informed counsel that counsel did not represent him and that
> counsel was not appointed by this Court to represent him in the above
> matter. Defendant then informed counsel that he would deal directly with
> the Assistant U.S. Attorney (Jason Conder). Furthermore, defendant is
> rejecting the proposed settlement of his case as recommended by his
> counsel. Consequently, counsel feels that he cannot effectively represent
> defendant herein and respectfully requests that he be allowed to withdraw
> forthwith.

4. On September 4, 2009, the magistrate granted Mr. Kopriva's motion to

withdraw.

5. On September 8, 2009, apparently, as yet unaware that his attorney's motion

---

[1] Four additional violations (Violation Nos. F3690805-08) were dismissed at the
time of Kellogg's arraignment in front of Magistrate McKee. In addition, a fifth violation
(Violation No. F3690808) was not pursued at trial and subsequently dismissed as a
result of the Government's motion. Only the three violations referenced above are at
issue before this Court.

to withdraw had been granted, Kellogg prepared a Response Opposing Counsel's

Motion to Withdraw, or Alternatively, Requesting Appointment of New Counsel. That

motion was filed with the Court on September 20, 2009. In his motion, Kellogg disputed

his attorney's representations. Kellogg went on to state that "at this stage it is more

important that counsel remain in this case which has come so far, with a just

settlement, or outright dismissal, still possibly close at hand, and trial set less than four

weeks away." Kellogg requested that the Court "require Mr. Kopriva to finish the work

he started or if Mr. Kopriva is unwilling or unable to do so, that the Court appoint

another attorney willing to undertake the protection of my constitutional right to a trial."

6.  On September 28, 2009, the magistrate appointed attorney James T. Whiting

as substitute counsel to represent Kellogg. Trial was subsequently reset for November

9, 2009.

7.  On November 9, 2009, the magistrate judge heard several hours of testimony

from two government witnesses, four defense witnesses, and the defendant.

8.  On November 20, 2009, the magistrate issued an 11-page judgment of

conviction and sentence finding the defendant guilty of all three violations and

sentencing Kellogg to a $475.00 fine plus a $25.00 fee for the charge of Interfering with

a Federal Officer; a $200.00 fine plus a $25.00 fee for the charge of having No Driver's

License in Possession; and a $475.00 fine plus a $25.00 fee for the charge of Resisting

Arrest by Federal Officer. Finding no useful purpose would be accomplished by the

-3-

imposition of any jail time, the magistrate did not impose any jail in connection with Defendant's sentence.[2]

9.  On March 8, 2010, Kellogg filed a notice of appeal and a motion to proceed *in forma pauperis* on appeal.  In Kellogg's notice of appeal, counsel acknowledged that the sentence imposed did not include a term of imprisonment, so as to clarify the Defendant's eligibility for Court-appointed counsel on appeal of his misdemeanor charges.

10.  The Criminal Justice Act of 1964 ("CJA"), 18 U.S.C. § 3006A, authorizes federal courts to appoint counsel to indigent defendants in federal criminal cases. The CJA identifies certain situations in which appointment of counsel is mandatory and other situations in which appointment of counsel is discretionary with the court.  Under 18 U.S.C. § 3006A(a)(1)(A), the appointment of counsel is mandatory for all indigent defendants charged with Class A misdemeanors.  Each of the three charges at issue are Class A felonies.  *See* 36 C.F.R. § 261.1b (setting forth the authorized penalty for violations of 36 C.F.R. § 261.1 as "a fine of not more than $500 or imprisonment for not more than six months or both") and 18 U.S.C. § 3559 (defining a "Class A misdemeanor" to include an offense for which the maximum term of imprisonment is

---

[2] The authorized penalty for each of the charges at issue was "a fine of not more than $500 or imprisonment for not more than six months or both."  36 C.F.R. § 261.1b.

greater than six months, but less than one year).

11. Under the CJA, appointed counsel shall continue to represent an indigent defendant "at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal. . . ." 18 U.S.C. § 3600A(c). However, the court may substitute one appointed counsel for another at any stage of the proceedings, in the interests of justice. *Id.*

12. Accordingly, on July 26, 2010, this Court granted Kellogg's request to appeal *in forma pauperis.* The Court also granted in part and denied in part Kellogg's request to have the proceedings before Magistrate McKee transcribed. The Court denied Kellogg's request to "have each and every portion of every hearing transcribed" for purposes of appeal, but authorized funds for the preparation of transcripts of all proceedings presenting issues germane to Kellogg's appeal. A transcript of Kellogg's trial was prepared and filed with the Court on September 24, 2010.

13. After filing several motions to continue the briefing schedule in this matter, counsel for Defendant-Appellant filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d. 493 (1967), on November 4, 2010, asserting he could find no meritorious basis for appeal. Counsel simultaneously moved to withdraw as Kellogg's counsel.

14. On January 5, 2011, the Court entered an Order Granting Counsel's Motion to Withdraw and Dismissing Defendant's Appeal [Doc. 18]. The Court noted Mr.

-5-

Kellogg's failure to respond to counsel's *Anders* brief in its order dismissing this case.

15.  After the Court's order was entered, Kellogg's former counsel advised the Court that in speaking with the Defendant, he informed Kellogg that if the Court released counsel, Kellogg would be given an opportunity to explain his arguments to the Court by way of a briefing schedule set by the Court.

16.  In the absence of a briefing schedule set by the Court, Kellogg understood that he did not have leave to file any documents *pro se* with the Court.

17.  Accordingly, the Court vacated its previous order to the extent it dismissed Kellogg's appeal in order to provide Kellogg with an opportunity to fully and completely explain his arguments to the Court.  The court set a briefing schedule for Kellogg to file his brief and advised that no extensions of the briefing schedule would be granted by the Court.

18.  Instead of filing a brief elaborating on the grounds for his appeal, Kellogg chose instead to file a "Response to Counsel's Motion to Withdraw and "Motion to Authorize New Court-Appointed Counsel."  In his Response, Kellogg asserts: 1) that his trial counsel was deficient; 2) that the evidence was insufficient to support his conviction; and 3) that the "defects in the criminal proceedings and convictions" set forth in counsel's *Anders* brief were "factually and legally sound, and substantially supported by the record."

19.  Kellogg first complains that he "did not choose Mr. Whiting as counsel for his

-6-

defense or appeal," that he was "given no choice" with respect to who would serve as his attorney, and instead, that Whiting was "unilaterally selected" by the Court to represent him. Kellogg now requests that attorney Keith Goody be named the third CJA-appointed attorney to represent him in this matter.

20. There is nothing unusual or inappropriate about the way Kellogg's counsel was selected to represent him. In authorizing the expenditure of federal funds under the CJA, the Court draws from an previously approved panel of qualified attorneys. Criminal defendants, while afforded competent counsel, are not entitled to counsel of their own choosing. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006) ("[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them.").

19. Kellogg was afforded competent Court-appointed counsel throughout the pretrial and trial proceedings, and on appeal – both in terms of preparation of the appellate record and the filing of counsel's *Anders* brief setting forth the bases urged by Kellogg in support of his appeal.[3] Having afforded Kellogg an opportunity to respond *pro se* and develop any factual or legal issues warranting further review, the Court declines to appoint substitute counsel to pursue a frivolous appeal.

---

[3] Kellogg acknowledges that counsel's summary of his proposed grounds for appeal "is a reasonable summary of the observed defects in the criminal proceedings and convictions." Where he disagrees with counsel, however, is in counsel's conclusion that the identified "defects" do not provide an meritorious basis for his appeal.

20.  The Court has conducted an independent review of the proceedings before the magistrate judge, and in particular, the transcript of the trial in this matter.  The Court's independent review confirms counsel's assertion that Kellogg's appeal is wholly without merit.

21.  The magistrate judge's 11-page judgment and sentence more than adequately demonstrates the sufficiency of the evidence of Defendant's guilt.  The magistrate set forth in great detail the testimony of the witnesses for both the government and the defendant.  The magistrate had the opportunity to observe the demeanor and assess the credibility of each of the witnesses as they were testifying.  Having done so, the magistrate specifically found "that among the defense witnesses there were credibility issues, issues of bias, sketchy recall or embellishment." (Judgment and Sentence at 9.)  The magistrate noted that of all of the defense witnesses, Mr. Glenn and the Defendant himself "appeared the most credible but the Court found some of the testimony of the testimony of each to be non-credible."  (*Id.*) This Court reviews such credibility determinations with "great deference."  *U.S. v. Quaintance*, 608 F.3d 717, 723 (10th Cir. 2010).  Although this Court is not well-positioned to second-guess the magistrate's findings, nothing in the Court's independent review of the record would cause the Court to reach a contrary conclusion. *Id.*

22.  The Court similarly finds no merit in Kellogg's assertion that his trial counsel

was ineffective in the preparation or presentation of his defense.  For example, Kellogg

is critical of the timing of counsel's pretrial negotiations with the government.  Kellogg

asserts that "[t]hese negotiations needed to be moved and concluded quickly" but that

counsel "did not discuss the issues, secure or present the evidence, or push for a timely

settlement as requested."  According to the Defendant's *pro se* submission, he rejected

a previous offer of a deferred disposition communicated to him by his prior counsel,

Accordingly, it is doubtful anything short of an outright dismissal would have satisfied

the Defendant.  Considering the evidence presented by the Government and the

credibility problems noted by the magistrate judge who heard Defendant's witnesses

and testimony, the Government's unwillingness to do so is neither the fault of counsel

nor a surprise to this Court.  Further, although Defendant raises some alleged

deficiencies in counsel's preparation and presentation of his defense at trial, he fails to

elaborate in a way that allows for meaningful review.  In fact, the Court's the review of

the record actually belies several of the alleged deficiencies relied upon by Defendant.[4]

--------

[4] For example, Defendant asserts that counsel failed to object to the AUSA's "intense badgering" of the Defendant on the witness stand, however, the Court's review of the referenced portion of the transcript demonstrates nothing more than unobjectionable cross-examination.  In addition, Kellogg asserts that counsel failed "to provide judicial notice of past federal court rulings prohibiting such unconstitutional actions against Rainbow Gatherings, as requested."  In fact, the record reflects that the decisions to which Defendant refers were offered but not considered by the Magistrate Judge who properly concluded that such information "would not have aided the Court in deciding whether the defendant violated the law on July 2, 2008."  (Judgment and Sentence at 9).

23. With respect to sentencing, the Court notes that Kellogg received favorable treatment, and the Court can find no error with respect to the sentence imposed by the magistrate judge.

24. Finally, the Court finds no merit to any of the remaining bases for appeal set forth at pages 6-7 of counsel's *Anders* brief and urged again by Defendant in his Response. Defendant's *pro se* submission to the Court has done nothing to further develop these arguments or otherwise to convince the Court that the magistrate erred in finding him guilty of the crimes charged.

WHEREFORE, for the reasons set forth more fully above, Defendant's motions are **DENIED;** the judgment and sentence imposed by the magistrate is **AFFIRMED,** and Kellogg's appeal is **DISMISSED.**

**IT IS SO ORDERED.**

DATED this _16th_ day of July, 2011.

~~Chief~~ United States District Judge